IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-6275 |
| | : | |
| v. | : | |
| | : | |
| CONSTRUCTION METHODS & COORDINATION, INC., doing business as CMC ENGINEERING, INC., | : | |
| | : | |
| Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| SENTINEL INSURANCE COMPANY, LTD., | : | |
| | : | |
| Third-Party Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                           August 8, 2014

Presently before the court is a motion to dismiss or strike the third-party complaint filed by the third-party defendant, Sentinel Insurance Company, Ltd.  Mot. of Third-Party Def., Sentinel Insurance Company, Ltd., to Dismiss or Strike the Third-Party Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) and 14(a) ("Mot. to Dismiss"), Doc. No. 16.  For the reasons set forth below, the court will grant the motion and dismiss the third-party complaint.  The court will also deny all outstanding motions filed by the third-party defendant as moot.

On October 28, 2013, the plaintiff, Admiral Insurance Company, filed a complaint against the defendant, Construction Methods & Coordination, Inc., doing business as CMC Engineering, Inc., seeking a declaration that the plaintiff does not owe a duty to defend or indemnify the defendant with respect to an action currently pending in the Court of Common

Pleas of Philadelphia County.  *See* Compl. at Counts I-II, Doc. No. 1.  After filing an answer to the complaint, the defendant filed a third-party complaint against the third-party defendant on February 7, 2014, seeking a declaration that the third-party defendant must provide a defense and indemnify the defendant in the underlying state court action.  *See* Third-Party Compl. at Count I, Doc. No. 12.  The third-party complaint also asserts a claim for bad faith against the third-party defendant.  *See id.* at Count II.

The third-party defendant moved to dismiss the third-party complaint on April 14, 2014. *See* Mot. to Dismiss.  At bottom, the third-party defendant argues that the third-party complaint cannot be maintained under Federal Rule of Civil Procedure 14(a) because the third-party complaint does not facially comply with Rule 14(a).  *See* Br. of Sentinel Insurance Company in Supp. of its Mot. to Dismiss or Strike the Third-Party Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) and 14(a) at 4-8, Doc. No. 16.  On April 28, 2014, the defendant filed a response arguing that the joinder of the third-party defendant is proper under Rule 14(a) because the third-party complaint poses factual and legal issues similar to those contained in the underlying complaint.  Mem. of Law of Def./Third-Party Pl., Construction Methods & Coordination, Inc. d/b/a CMC Engineering, Inc. in Opp'n to Sentinel Insurance Company Ltd.'s Mot. to Dismiss or Strike Third-Party Compl. at 4-11, Doc. No. 19.

In relevant part, Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  The court exercises considerable discretion in determining whether to permit joinder under Rule 14(a).  *See Morris v. Lenihan*, 192 F.R.D. 484, 486 n.3 (E.D. Pa. 2000) (citation omitted) (explaining this proposition).  Although the purpose of "Rule 14 is to avoid circuity of action and to settle related matters in one suit," courts can

effectuate that purpose only to the extent allowed by the text of Rule 14(a). *Scott v. Walter Kidde Portable Equip., Inc.*, No. 02-1460, 2002 WL 1880521, at *1 (E.D. Pa. Aug. 12, 2002) (citations and internal quotation marks omitted).

Despite the fact that the express text of Rule 14(a) appears to contemplate some sort of derivative or secondary liability on the part of the third-party defendant, the court agrees with the defendant that some courts within the Third Circuit have held that Rule 14 can serve as a vehicle to join third-party defendants in a pure declaratory judgment action. *See Reliance Standard Life Ins. Co. v. Reyes*, No. 11-6988, 2012 WL 4473123, at *2 (E.D. Pa. Sept. 28, 2012) (noting that courts in the Third Circuit are split on this issue). However, the courts in this Circuit that have come to this conclusion have done so on facts quite different from those of this case. That is, the group of cases that have allowed joinder in declaratory judgment actions "have permitted joinder of a middle-man or insurance broker as a third-party defendant in declaratory judgment actions by insurance companies seeking a declaration of non-coverage or seeking the voiding of an insurance policy." *Hartford Cas. Ins. Co. v. ACC Meat Co., LLC*, No. 1:10-CV-1875, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011). In other words, these cases generally involved the joinder of a third-party defendant who played some nontrivial role in the acquisition or execution of the underlying insurance policy.

In contrast to this general theme, the instant third-party complaint seeks to accomplish a joinder that would bring an entirely new insurance policy into the action. The court is unwilling to extend the text of Rule 14(a) to this precise factual scenario. *See Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Coop., Inc.*, No. 10-2532-CM, 2011 WL 1430331, at *2 (D. Kan. Apr. 14, 2011) (reaching the same conclusion on similar facts).

For the reasons set forth above, the court will grant the motion and dismiss the third-party complaint.  In addition, the court will also deny all outstanding motions filed by the third-party defendant as moot.  An appropriate order follows.

                BY THE COURT:


                */s/ Edward G. Smith*
                EDWARD G. SMITH, J.